# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Bky. No. 12-50004 |
| | Chapter 7 Bankruptcy |
| Dale Harold Bjerkness, II, | |
| Debtor. | |
| _____ | |
| Dale Harold Bjerkness, II, | Adv. No. 12-5011 |
| Appellant, | Civil No. 12-2744 (DWF/LIB) |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| SKF USA, Inc., | |
| Appellee. | |

---

Jamie R. Pierce, Esq., Hinshaw & Culbertson LLP, counsel for Appellant.

Edwin H. Caldie, III, Esq., Robert T. Kugler, Esq., and Phillip J. Ashfield, Esq., Leonard Street and Deinard, PA, counsel for Appellee.

---

## INTRODUCTION

This matter is before the Court Dale Harold Bjerkness, II's ("Appellant") appeal from United States Bankruptcy Judge Gregory F. Kishel's September 13, 2012 Order, which determined that Appellant's debt to SKF USA, Inc. ("Appellee") is not dischargeable in Appellant's Chapter 7 bankruptcy proceedings. For the reasons set forth below, the Court affirms Judge Kishel's Order.

## BACKGROUND

This matter is one of four cases in this District arising out of the same set of facts. On January 24, 2013, Judge Paul A. Magnuson issued an Amended Memorandum and Order in one of the related cases, affirming the Bankruptcy Court's judgment. *In re Sever*, Civ. No. 12-2588 (Doc. No. 13). The Court adopts the factual background articulated in Judge Magnuson's order, in relevant part, as follows.

Appellant was employed by Appellee, along with the debtors in the other three cases: John Joseph Sever, Kevin Koch, and Walter G. Remick, Jr. *See id.* at 1. Appellant left Appellee to form his own, competing business, and Sever, Koch, and Remick followed Appellant. *See id.* Before they left Appellee, however, each debtor downloaded thousands of files containing Appellee's confidential customer information without Appellee's knowledge. *Id.*

Appellee sued its former employees in the United States District Court for the Northern District of Illinois for violations of Illinois's trade secret statute. *Id.* at 2. The Illinois court ultimately found in favor of Appellee, awarding Appellee more than $40,000 in compensatory damages, $40,000 in punitive damages, and more than $1.1 million in attorney fees and costs against all former-employee defendants, including Appellant, jointly and severally. *See id.* The former employees paid the compensatory and punitive award but each filed for bankruptcy before paying the attorney fee award. *Id.*

Appellee filed an adversary proceeding in the bankruptcy case of each former employee, contending that the attorney fee award was a non-dischargeable debt under 11

U.S.C. § 523(a)(6). *Id.* And in each case, the Bankruptcy Judge agreed that the debt was not dischargeable. *Id.* All former employees/bankruptcy debtors have appealed to the United States Court for the District of Minnesota. *See id.*

Now, two of those appeals have been completed. In the first, Judge Ann D. Montgomery of this District affirmed the Bankruptcy Court's decision that the debt is non-dischargeable. *In re Koch*, Civ. No. 12-1606, 2012 WL 4090179, at *1 (D. Minn. Sept. 17, 2012). An appeal of that determination is now pending before the Eighth Circuit. Judge Magnuson's order has also been appealed to the Eighth Circuit.[1]

## DISCUSSION

**I.  Standard of Review**

On appeal from a judgment of the Bankruptcy Court, a District Court sits as an appellate court and applies the same standard as the Court of Appeals pursuant to 28 U.S.C. § 158(a); *see Rampy v. Messerli,* 224 B.R. 701, 704 (D. Minn. 1997). The District Court reviews the Bankruptcy Court's findings of fact for clear error and conducts a *de novo* review of the Bankruptcy Court's conclusions of law. Fed. R. Bankr. P. 8013; *see In re MBA Poultry, LLC,* 291 F.3d 528, 533 (8th Cir. 2002).

**II.  Appeal**

Under the bankruptcy code, certain debts are excepted from discharge, including those "for willful and malicious injury by the debtor to another entity." 11 U.S.C.

---

[1] The remaining appeal, *In re Remick*, Civ. No. 12-1940, is currently pending before Judge John R. Tunheim of this District. Argument on that appeal was set for March 8, 2013.

§ 523(a)(6). Section 523(a)(6) "does not distinguish between debts which are compensatory in nature and those which are punitive." *In re Miera,* 926 F.2d 741, 745 (8th Cir. 1991). The language of the statute "is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt." *Id.* at 745. Consequently, "all damages stemming from a willful and malicious injury are nondischargeable under § 523(a)(6)." *In re Koch*, Civ. No. 12-1606, 2012 WL 4090179, at *6.

The attorney fees at issue here were awarded as exemplary damages based on Appellant's willful and malicious injury to Appellee. *See id.* Notably, Appellant does not dispute that the trade secret violation was a willful injury to Appellee; rather, he claims that he did not "act with malice." (Doc. No. 5 at 9, 11-13); *see also In re Sever*, Civ. No. 12-2588 (Doc. No. 13 at 3).

As stated in Judge Montgomery's thorough and well-reasoned opinion with respect to Koch, the conduct of all four debtors "was certain to harm [Appellee] by destroying the secrecy of trade secrets for which [Appellee] had paid considerable value, and by giving [Appellee's] competitor an advantage it would not have otherwise had." *In re Koch*, Civ. No. 12-1606, 2012 WL 4090179, at *4. Thus, all four debtors "acted with malice by intending or fully expecting to harm the economic interests" of Appellee. *Id.*

The Court, therefore, concurs with the determinations of Judge Montgomery and Judge Magnuson in their respective related cases and finds that the judgment debt for attorney fees in this case is a non-dischargeable debt under 11 U.S.C. § 523(a)(6). *See In*

*re Koch*, Civ. No. 12-1606, 2012 WL 4090179, at *6; *In re Sever*, Civ. No. 12-2588 (Doc. No. 13 at 3-4).

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Appellant Dale Harold Bjerkness's Appeal (Doc. No. [1]) is **DENIED**.

2. The Bankruptcy Court's September 13, 2012 Order for Judgment is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 12, 2013          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge